|  |  |
|---|---|
| | **JUDGE RICARDO S. MARTINEZ** |

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| D.H. EVERS on behalf of the UNDERWRITING MEMBERS OF SYNDICATE 535 AT LLOYDS,<br><br>Plaintiff,<br><br>v.<br><br>PURSE SEINE VESSEL OWNERS ASSOCIATION, a Washington corporation and F/V ALEUTIAN SPIRIT, INC., an Alaska Corporation,<br><br>Defendants, | Case No. CV 09-00791 RSM<br><br>NATIONAL CASUALTY'S RESPONSE TO LLOYDS' MOTION FOR SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR:** FRIDAY, OCTOBER 30, 2009 |
| PURSE SEINE VESSEL OWNERS ASSOCIATION, a Washington corporation and F/V ALEUTIAN SPIRIT, INC., an Alaska Corporation,<br><br>Counter Plaintiff,<br><br>v.<br><br>D.H. EVERS on behalf of the UNDERWRITING MEMBERS OF SYNDICATE 535 AT LLOYDS and NATIONAL CASUALTY COMPANY,<br><br>Counter Defendant and Purported Counter Defendant, | |

{EHG746680.DOC;1\00335.001740\ }
NATIONAL CASUALTY'S RESPONSE TO LLOYDS' MOTION FOR SUMMARY JUDGMENT - 1

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

| | |
|---|---|
| D.H. EVERS on behalf of the UNDERWRITING MEMBERS OF SYNDICATE 535 AT LLOYDS,<br><br>    Purported Third Party Plaintiff,<br><br>v.<br><br>NATIONAL CASUALTY COMPANY,<br><br>    Purported Third Party Defendant,<br><br>NATIONAL CASUALTY COMPANY,<br><br>    Counter Plaintiff to<br>    Purported Third Party Claim,<br><br>v.<br><br>D.H. EVERS on behalf of the UNDERWRITING MEMBERS OF SYNDICATE 535 AT LLOYDS,<br><br>    Counter Defendant to<br>    Purported Third Party Claim. | |

## I. INTRODUCTION

National Casualty files this response to Lloyds' Motion for Summary Judgment (Dkt. 40).[1] Should the Court grant the Motion for Summary Judgment, there is no legal basis for the purported third-party claim and counter-claim.[2] To the extent that Lloyds prevails, then, this Court should dismiss the claims against National Casualty.[3]

---

[1] As used herein, the term "Lloyds" refers to Plaintiff D. H. Evers on behalf of the Underwriting Members of Syndicate 535 at Lloyd's. The term "PSVOA" refers to Defendant Purse Seine Vessel Owners Association. The term "ASI" refers to Defendant F/V Aleutian Spirit, Inc. The term "Defendants" refers to the PSVOA and ASI, collectively, unless noted. The term "National Casualty" refers to National Casualty Company.

[2] National Casualty moved to strike the third-party claim, contending that it is not a proper party to this suit. (Dkt. 35.) With National Casualty's Motion to Strike pending, Lloyds moved for summary judgment. With this response, National Casualty retains all objections to Lloyds' improper impleader.

[3] National Casualty takes no position as to the validity of Lloyds' Motion for Summary Judgment, as it is not directed to the third-party claim. National Casualty preserves all procedural and substantive arguments, should Lloyds move for summary judgment on the third-party claim.

{EHG746680.DOC;1\00335.001740\ }
NATIONAL CASUALTY'S RESPONSE TO LLOYDS'
MOTION FOR SUMMARY JUDGMENT - 2

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

## II. AUTHORITY

Lloyds asks this Court for declaratory relief on its first-party claim, and summary dismissal of Defendants' counter-claim. (Dkt. 40, p. 17.)

If Lloyds prevails, the third-party claim against National Casualty must be dismissed, because it derives entirely from the counter-claim. *Hanko v. U.S.*, 583 F.Supp. 1280 (D.C.Pa. 1984) ("the third-party defendant is liable for indemnity or contribution to the original defendant only if the original defendant is liable to the plaintiff") (emphasis added); *American Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805-806 (6th Cir. 2008) ("Third-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim . . . . Accordingly, it is rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim") (emphasis added).

Lloyds pled as much, expressly making its third-party claim dependent on the outcome of Defendants' counter-claim: "if [Lloyds] is held liable to any of the Defendants, then it is entitled to contribution and/or equitable indemnity from National." (Dkt. 22, p. 7, ¶ 8 (emphasis added).) And its Motion for Summary Judgment, Lloyds represented that "all of the third-party claim motions would effectively be rendered moot" if "the court grants this motion." (Dkt. 40, p. 2, fn. 1.) On this point, National Casualty and Lloyds agree -- dismissal of the counter-claim renders the purported third-party claim moot, mandating dismissal.

Turning to Defendants' purported counter-claim, Lloyds attempted to saddle National Casualty with its defense through invocation of Rule 14(c). As detailed in National Casualty's Motion to Strike and Answer, Lloyds' efforts were untimely and improper.[4] (Dkt. 35; Dkt. 42.)

---

[4] As noted in its Answer (Dkt. 42), National Casualty disputes Lloyds' ability to invoke Rule 14(c), and maintains that it need not defend against Defendants' counter-claim. (*Id.*, p. 6, ll. 2-11.) And as noted in its Motion to Strike (Dkt. 35 and Dkt. 53), the PSVOA and ASI have gone on record, stating that National Casualty met its obligations in the Miller settlement: "PSVOA has no complaint against National Casualty who fully satisfied the promises it made following the Miller trial." (Dkt. 35 at 5) (emphasis added) (*see also* Dkt. 8 at ¶ 25 ("National, as promised, paid PSVOA its 50% of the total, or $626,821.07").) Notwithstanding these facts, the one-year time limitation serves as

{EHG746680.DOC;1\00335.001740\ }
NATIONAL CASUALTY'S RESPONSE TO LLOYDS'
MOTION FOR SUMMARY JUDGMENT - 3

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

Regardless, if the one-year limitation clause bars suit against Lloyds, it likewise bars suit against National Casualty. (*See* Dkt. 42, p. 17, ¶ 4.)

In sum, then, if this Court grants Lloyds' Motion for Summary Judgment, there is no legal basis for the purported third-party claim and counter-claim.

### III. CONCLUSION

For the foregoing reasons, should this Court grant the pending motion, National Casualty respectfully seeks dismissal of the purported third-party claim and counter-claim. A proposed order is attached hereto.

DATED this 26th day of October, 2009.

OGDEN MURPHY WALLACE, P.L.L.C.

By  /s/ Emily H. Gant
Geoff J. M. Bridgman, WSBA #25242
Emily Harris Gant, WSBA #35679
Attorneys for purported Third-Party Defendant
National Casualty Company

---

an independent basis for dismissal of Defendants' purported counter-claim against National Casualty. (Dkt. 42, p. 17, ¶ 4.)

{EHG746680.DOC;1\00335.001740\ }
NATIONAL CASUALTY'S RESPONSE TO LLOYDS' MOTION FOR SUMMARY JUDGMENT - 4

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215

## DECLARATION OF SERVICE

I hereby certify that on the 26th day of October, 2009, I presented the foregoing document to the Clerk of the Court for electronic filing and uploading to the CM/ECF system, which will send notification and service of such filing to the following:

Robert J. Bocko
Nicolas Vikstrom
Keesal Young & Logan
1301 Fifth Avenue, Suite 1515
Seattle, WA 98101

Christopher Nicoll
Chris P. Reilly
Nicoll Black & Feig
816 Second Avenue, Suite 300
Seattle, WA 98104

DATED this 26th day of October, 2009.

By /s/ Emily H. Gant
Emily Harris Gant, WSBA #35679

{EHG746680.DOC;1\00335.001740\ }
NATIONAL CASUALTY'S RESPONSE TO LLOYDS'
MOTION FOR SUMMARY JUDGMENT - 5

OGDEN MURPHY WALLACE, P.L.L.C.
1601 Fifth Avenue, Suite 2100
Seattle, Washington 98101-1686
Tel: 206.447.7000/Fax: 206.447.0215